UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFFAELE M. PANDOZY, Ph.D.,

                        Plaintiff,

        - against -

DAVID A. GABAY,

                        Defendant.

**MEMORANDUM OPINION
& ORDER**

10 Civ. 3473 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Raffaele M. Pandozy brings this pro se action against his former attorney, Defendant David A. Gabay, alleging claims for legal malpractice based upon Gabay's representation of Pandozy in two lawsuits stemming from an unfavorable real estate transaction that Pandozy entered into in 2003.  Pandozy has been enjoined from "commencing, without prior leave of court, any further federal court actions relating in any way (1) to the sale of his apartment; (2) to the numerous lawsuits concerning the sale of his apartment; or (3) to the individuals and attorneys who were involved in that transaction."[1]  Pandozy v. Tobey, No. 06 Civ. 12885(CM)(THK), 2007 WL 2815627, at *1 (S.D.N.Y. Sept. 24, 2007); see also Pandozy v. Segan, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007) (enjoining Pandozy "from commencing, without prior leave of the Court, any federal action in this Court relating in any way to (1) the sale of the Pandozy's cooperative apartment at 280 Lafayette Street, New York, New York (the 'Apartment') to Brock Wylan, (2) litigation related to the sale of the Apartment or the events surrounding that sale, or (3) the conduct in that transaction by individuals and attorneys involved in the litigation arising from such sale").  Gabay moves to dismiss the Amended Complaint for

---

[1] Pandozy has similarly been enjoined from filing such lawsuits in state court.  Wylan v. Pandozy, 2006 N.Y. App. Div. LEXIS 2242 (1st Dept. Feb. 21, 2006).

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Because this Court concludes that Pandozy's complaint falls under the court's previous injunction against filing such suits without leave, Pandozy's complaint will be dismissed <u>sua</u> <u>sponte</u> and Gabay's motion to dismiss will be denied as moot.

<u>**DISCUSSION**</u>

Pandozy did not receive leave of court before commencing this action, so the only question is whether the suit "relat[es] in any way (1) to the sale of his apartment; (2) to the numerous lawsuits concerning the sale of his apartment; or (3) to the individuals and attorneys who were involved in that transaction."  <u>Tobey</u>, 2007 WL 2815627, at *1.

The lawsuits concerning the sale of Pandozy's apartment began when he placed his New York apartment up for sale and signed a contract with a buyer.  (Am. Cmplt. ¶ 7) Pandozy claimed that the sale was never approved by the cooperative board, and attempted to cancel the contract.  (<u>Id.</u>)  The buyer sued Pandozy in state court and was awarded specific performance.  <u>See</u> <u>Wylan v. Pandozy</u>, No. 600211/04 (N.Y. Sup. Ct. July 27, 2004).

A series of lawsuits followed.  Pandozy sued the cooperative and its general counsel, alleging intentional interference with contractual relations and breach of fiduciary duty; that case was dismissed on April 4, 2006.  <u>Pandozy v. Lafayette Studios</u>, Index No. 600495/05 (N.Y. Sup. Ct. April 4, 2006).  The buyer's attorney, Lawrence Segan, then brought a successful action for libel against Pandozy in <u>Segan v. Pandozy</u>, Index No. 104238/05 (N.Y. Sup. Ct. Feb. 21, 2006).  Pandozy also filed a federal action challenging the specific performance judgment and alleging fraud upon the court, <u>Pandozy v. Segan</u>, No. 06 CV 7153(VM) (S.D.N.Y. filed Sept. 18, 2006), which was dismissed on September 28, 2007.  Pandozy then filed the action <u>Pandozy v. Tobey</u>, No. 06 Civ. 12885(CM) (S.D.N.Y. filed Nov. 2, 2006), against the cooperative board,

alleging conspiracy to harass him and oust him from the Apartment, malicious and frivolous

prosecution, and discrimination on the basis of financial status; that action was dismissed on

September 25, 2007.  Finally, in <u>Pandozy v. Robert J. Gumenick, P.C.</u>, No. 07 Civ. 1242(NRB)

(S.D.N.Y. filed Feb. 16, 2007), Pandozy asserted claims against five attorneys who represented

him in various stages of his litigations, charging them with fraud, legal malpractice, breach of

contract, and deceptive practices; this action was dismissed on May 23, 2008.

    Gabay represented Pandozy in connection with two of these lawsuits – an appeal

from the libel judgment in <u>Segan v. Pandozy</u>, Index No. 104238/05 (N.Y. Sup. Ct.), and the

malpractice action against Pandozy's former attorneys in <u>Pandozy v. Robert J. Gumenick, P.C.</u>,

No. 07 Civ. 1242(NRB) (S.D.N.Y.).  It is clear that both of these actions fall under the broad

injunctions issued on September 24, 2007, <u>Tobey</u>, 2007 WL 2815627, at *1, and September 27,

2007, <u>Segan</u>, 518 F. Supp. 2d at 558.  The injunctions apply to actions that relate "in any way" to

the sale of Pandozy's apartment, lawsuits concerning the sale of the apartment, or the attorneys

involved.  The libel action was brought by the buyer's attorney, and Pandozy's libelous

statement was made in a letter he sent to the cooperative's shareholders that discussed his

pending appeals from the specific performance suit and asked the shareholders to submit

affidavits to the judge in that action.  (Am. Cmplt. Ex. 19)  Clearly, the libel action – and the

subsequent appeal from it – "relat[e] . . . (1) to the sale of [Pandozy's] apartment; (2) to the

numerous lawsuits concerning the sale of his apartment; [and] (3) to the individuals and

attorneys who were involved in that transaction."  <u>Tobey</u>, 2007 WL 2815627, at *1.

    Similarly, Gabay's representation of Pandozy in the legal malpractice action

against five of Pandozy's former attorneys falls squarely within the injunctions.  The defendants

in that action – Robert Gumenick, Victor Worms, Gary Adelman, Jeffrey Roth, and Sherwood

Salvan – represented Pandozy in his previous suits stemming from the sale of his apartment: Gumenick was hired in connection with the specific performance action; both Worms and Adelman represented Pandozy at various points in the specific performance action; Roth represented Pandozy in the libel suit and the breach of fiduciary duty suit brought against the cooperative; and Salvan was hired to initiate a lawsuit for malpractice against Gumenick. (Am. Cmplt. ¶ 25) Accordingly, Pandozy's malpractice action against these defendants for their alleged deficiencies in his prior cases involving the apartment "relat[es] . . . to the numerous lawsuits concerning the sale of his apartment . . . [and] to the . . . attorneys who were involved in that transaction." Tobey, 2007 WL 2815627, at *1.

## CONCLUSION

For the reasons stated above, this action is dismissed sua sponte for violating the previous court orders issued in Tobey, 2007 WL 2815627, at *1, and Segan, 518 F. Supp. 2d at 558. Defendant's motion to dismiss is DENIED as moot. The Clerk of the Court is directed to terminate the motion (Dkt. No. 11) and to close this case.

The Clerk of the Court is further ORDERED to serve a copy of this Order, via certified mail, on Plaintiff Raffaele M. Pandozy, P.O. Box 153157, Dallas, TX 75315.

Dated: New York, New York
September 29, 2011

SO ORDERED.

Paul R. Gardephe

Paul G. Gardephe
United States District Judge

Copy to:
Raffaele M. Pandozy
P.O. Box 153157
Dallas, TX 75315